IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GONGORA STX INVESTMENTS LLC | § § | |
| VS. | § § | CIVIL ACTION NO. 5:17-CV-00975 |
| ADMIRAL INSURANCE COMPANY AND JOHN MILLER | § § § | |

**ADMIRAL INSURANCE COMPANY
AND JOHN MILLER'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Admiral Insurance Company and John Miller, Defendants in Cause No. 2017CI16720 in the 166th Judicial District Court of Bexar County, Texas (the "State Court Suit"), file this Notice of Removal from that court to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and would respectfully show as follows:

**I. Background**

1. On or about August 31, 2017, Plaintiff filed its Original Petition in the State Court Suit, claiming breach of contract in that it allegedly did not receive sufficient proceeds under its commercial property insurance policy with Admiral for damages received as a result of hail/wind storms on or about April 25, 2016, among other claims.

2. Mr. Miller was served on September 18, 2017. Admiral has not yet been served as of the filing of this notice of removal.

3.     Admiral and Miller filed answers in the state court on September 25, 2017. Pursuant to 28 U.S.C. §1446(b), Admiral and Miller remove the case within 30 days of receipt of the initial pleading.

4.     All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

5.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action was pending.

6.     Admiral and Miller will promptly file a copy of this notice of removal with the clerk of the state court in which the action has been pending, and give written notice of the filing to Plaintiff.

7.     Plaintiff demanded a jury in the state court action.

## II. Basis for Removal

8.     The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."[1]

9.     Plaintiff specifically alleges at paragraph 5 of its petition that: "…Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000…"

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10. Removal is proper because there is complete diversity between the parties.[2] Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas and Mexico (formally, the United Mexican States) for diversity purposes, having its principal place of business in Texas and being organized as a limited liability corporation under the laws of Texas, with members Jose Luis Espinoza Delgado and Marcos Mauricio Espinoza Amezcua who, now and at the time the lawsuit was filed, reside in Monterrey, Nuevo Leon, Mexico.

11. Admiral is, and was at the time the lawsuit was filed, a citizen of Delaware and Arizona for diversity purposes, having its principal place of business in Arizona and being incorporated under the laws of Delaware.

12. Mr. Miller, although not a proper party to this action, is, and was at the time the lawsuit was filed, a citizen of Texas for diversity purposes, having his residence in Texas. Mr. Miller has been improperly or fraudulently joined in this matter solely in an attempt to destroy diversity.

### A. Improper Joinder Standard

13. The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.[3] Improper joinder is established where the defendant shows either: (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[4] Joinder is improper if "there is no reasonable basis

---

[2] 28 U.S.C. § 1332(a); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).
[3] *See Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).
[4] *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.,* No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. 2010).

for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant."[5]

14. A Rule 12(b)(6)-type analysis of the complaint is used to determine whether the plaintiff states a claim.[6] The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.[7] Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."[8] In *Bell Atlantic Corp. v. Twombly*,[9] and *Ashcroft v. Iqbal*,[10] the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[11]

15. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[12] Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[15]

---

[5] *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. 2009).
[6] *See id.*
[7] *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).
[8] Fed. R. Civ. P. 12(b) (6).
[9] 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[10] 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
[11] Fed. R. Civ. P. 8(a)(2).
[12] *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008).
[13] *Id.* (quoting *Twombly,* 550 U.S. at 555).
[14] *Iqbal,* 129 S.Ct. at 1949.
[15] *Id.* (quoting *Twombly,* 550 U.S. at 556).

16. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Rule 9(b)'s] requirements."[16] Thus, these allegations of Plaintiffs' must meet the stricter pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity required for such pleading varies from case to case.[17] The Fifth Circuit has reasoned that "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[18] More precisely, Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out."[19]

17. District courts in Texas have differed regarding whether to apply federal pleading standards or state pleadings standards to the improper joinder inquiry. Even when applying the pre-2013 Texas notice pleading standard district courts have found improper joinder under similar circumstances.[20] In any event, the debate is now largely moot due to changes in Texas law. Effective March 1, 2013, under Texas law "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to

---

[16] *Frith v. Guardian Life Ins. Co. of Am.,* 9 F.Supp.2d 734, 742 (S.D. Tex. 1998); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *Novelli v. Allstate Texas Lloyd's*, CIV.A. H-11-2690, 2012 WL 949675 (S.D. Tex. 2012).
[17] *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds,* 355 F.3d 356 (5th Cir. 2003).
[18] *Benchmark Elecs.,* 343 F.3d at 724.
[19] *Benchmark Elecs.,* 343 F.3d at 724.
[20] See, e.g., *Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 645-646 (E.D. Tex. 2013), discussed more fully below.

5

the relief sought."[21] This new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6).

**B.** **There Is No Reasonable Basis To Predict That The Plaintiff Will Be Able To Recover Against Mr. Miller, Because, To The Extent That Plaintiff Makes "Factual" Allegations At All, They Do Not Support A Claim Under The Statutes On Which Plaintiff Relies For Its Cause Of Action.**

18. Plaintiff simply recites the wording of the statutes and the elements of their claims and baldly assert that both Admiral and Mr. Miller are in violation. Quoting statutory language is not the same as pleading actionable facts thereunder. Plaintiff's failure to allege any actionable facts related to the conduct of Mr. Miller is a failure to state a claim.[22] To the extent that there any "factual" allegations in the Petition, they are of conduct that is not actionable under the statutes on which Plaintiff relies.

19. Plaintiff alleges Breach of Contract, violation of the Prompt Payment Penalty Act, and Breach of Duty of Good Faith and Fair Dealing against Admiral, and Unfair Settlement Practices / Bad Faith against both Admiral and Miller. Specifically, Plaintiff's only claims against Miller are that he violated Texas Insurance Code §541.002, §541.060, §541.061 and §541.003. Of the four code sections, §541.002 is a section containing definitions, and §541.003 is the general prohibition on acts described elsewhere in the statute. Thus, only §541.060 and §541.061 actually

---

[21] Tex. R. Civ. P. 91a.
[22] See, e.g., *Lakewood Chiropractic Clinic,* 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer,* No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. 2008) (holding that the Plaintiff's Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 - 702 (5th Cir. 1999). (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

describe actionable conduct. The only allegations in Plaintiff's Petition that could even arguably be considered to be "factual" allegations are as follows:[23]

> **- misrepresenting the scope of damages**
>
> **- misrepresenting the true cost of repairing all of the damages**
>
> **- conducting a substandard and incomplete inspection**
>
> **- failing to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision.**

It has been specifically held that precisely such allegations were not actionable under §541.060, thus establishing the lack of a reasonable basis to predict that Plaintiff could recover against an independent insurance adjuster like Mr. Miller.

20.     In *Thomas v. State Farm Lloyds*,[24] the court denied remand based on improper joinder of an insurance adjuster, noting the Texas Supreme Court's adoption of Tex. R. Civ. P 91a on March 1, 2013.  Rule 91a changed the pleadings standard under Texas law such that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."[25]   The *Thomas* Court acknowledged that Rule 91a has changed the Texas pleading standard from "fair notice" to essentially the same as the federal standard.[26]

21.     The *Thomas* Court held that allegations that an insurance adjuster failed to conduct a reasonable investigation, understated the amount of damage to Plaintiff's property, used her own

---

[23] See *Plaintiffs' Original Petition.*
[24] 2015 U.S. Dist. LEXIS 150130 (N.D. Tex. 2015).
[25] TEX. R. CIV. P. 91a.
[26] *Id*. at *6; see also *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied).

statements as a basis for denying or underpaying the claim, failed to provide an adequate explanation for the claim denial, and misrepresented that the damage was not covered did not constitute a misrepresentation of the policy itself, and so were not actionable under Texas Insurance Code Section 541.060(a)(1). The *Thomas* Court further held that allegations against the adjuster for "not adequately explaining the reasons for denying or underpaying Plaintiffs' claim" were of conduct after the claim decision, and thus not actionable under Texas Insurance Code Section 541.060(a)(2)(A) because that Section only applies to conduct preceding the settlement of a claim: "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of … a claim with respect to which the insurer's liability has become reasonably clear."

22. The *Thomas* Court further held that insurance adjusters do not have the responsibility nor authority to comply with Texas Insurance Code Section 541.060(a)(3) or 541.060(a)(4), which, respectively, make actionable the failure to promptly provide a reasonable basis in the policy for denial of a claim, and failing to affirm or deny coverage of a claim within a reasonable time or submit a reservation of rights to the policyholder. The *Thomas* Court further held that allegations that the adjuster performed an outcome-oriented investigation which resulted in a biased, unfair and inequitable evaluation of the loss and "did not properly inspect the [p]roperty and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported to [State Farm]" were not actionable under Texas Insurance Code Section 541.060(a)(7), which prohibits failing to "pay a claim" without conducting a reasonable investigation, because the Plaintiff's allegations were of a failure to investigate, not a failure to pay. Lastly, the Court found that the pleadings did not state a plausible claim for recovery on their face under theories of fraud or conspiracy to commit fraud because, under FRCP 9(b), fraud must be "state[d] with particularity" and must set forth "the circumstances constituting fraud." The

8

Court noted the Plaintiffs failed to allege reliance on any misrepresentations and relied on merely conclusory allegations.

23. The Plaintiff in the instant case alleges the same conduct as what was alleged in the *Thomas* case, and for the same reasons such conduct is not actionable under §541.060. Similarly, because the alleged misrepresentations are with regard to the scope of damages and the cost of repair, they are not actionable under §541.061, which, as its title makes clear, pertains to "Misrepresentation of Insurance Policy." Because the alleged misrepresentations were not misrepresentation of the insurance policy, but were instead of the scope of damages and the cost of repair, they are not actionable under §541.061.

24. As in *Thomas*, none of Mr. Miller's alleged conduct constitutes a violation of any duty under the Insurance Code sections pleaded by the Plaintiff. It is no longer the case that the Texas state court pleading standard is met by nothing more than the legal conclusions and verbatim recitation of statutes contained in plaintiff's pleading. Instead, a plaintiff in Texas courts must allege factual conduct that is actionable under the statutes or other legal theories on which it relies. The Plaintiff's Original Petition in this matter fails to meet this standard, as Plaintiff relies on legal conclusions, not factual allegations. To the extent that some minimal "facts" are alleged, they are insufficient to provide a reasonable basis to predict that Plaintiff could recover against Mr. Miller under Texas Insurance Code §541, and thus Mr. Miller was improperly joined, and remand should be denied.

25. In *Dalton v. State Farm Lloyd's, Inc*.[27] the Southern District Court found improper joinder of an independent adjuster in a property insurance case. Just as in the case at bar, the plaintiff there alleged that the adjuster performed an unreasonable investigation and undervalued

---

[27] 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. 2013).

the loss. The court reasoned that:[28]

> [t]he allegations against [the in-state independent adjuster] are minimal and provide no facts and therefore fail to establish a plausible claim. For the most part the allegations merely track the statutory provisions, alleging only that Brown inspected the Property and that he submitted an undervalued repair estimate to State Farm. These actions can be accomplished by State Farm through an agent, and as such, are indistinguishable from State Farm's actions. No specific misrepresentation by Brown to Plaintiff is pleaded nor any specified deficiencies determined during his investigation or contained in his report are alleged. Plaintiff's conclusory claim against Brown, individually, for insufficient investigation and undervaluing the claim, presumably incorporated into a report to State Farm, is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code and/or the DTPA.

The *Dalton* Court went on to explain "that when an adjuster's actions can be accomplished by the insurer through an agent, and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions are "indistinguishable from the insurer's actions and thus insufficient to support a claim against the adjuster."[29] For these reasons, the court denied remand.

26.     In *Taj Props., LLC v. Zurich Am. Ins. Co*.[30] the court again found improper joinder of an adjuster in a property insurance case, explaining that the "near verbatim recitations of portions of Chapter 541 of the Texas Insurance Code... fail to allege facts describing any actionable conduct by [the adjuster] individually."[31] Furthermore, the *Taj Props* Court noted that "[a]llegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster."[32]

27.     In *Cortez v. Meritplan Ins. Co*.[33] the court again found improper joinder of an

---

[28] *Id*. at 22-23.
[29] *Id*. at 10-11 (internal citations omitted).
[30] 2010 U.S. Dist. LEXIS 125357 (S.D. Tex. 2010).
[31] *Id*. at 9.
[32] *Id*. at 11 - 12.
[33] 2013 U.S. Dist. LEXIS 179691, 5-6 (S.D. Tex. 2013).

adjuster in a property insurance case, finding impermissibly broad the allegations in the "'[f]acts' section of Plaintiffs' pleading, in which they allege that [the adjuster] 'performed a faulty investigation, used their faulty investigation and materials to make coverage decisions, and in general acted as the insurance company,' thus acting 'outside the scope of their authority.'"[34] The *Cortez* Court went on to note that "Plaintiffs' pleading then proceeds to assert their bad faith, DTPA, and Insurance Code causes of action against Defendants collectively and in a conclusory manner, without any indication of the specific, actionable bases for Plaintiffs'... claims against [the adjuster]. At best, Cortez has pleaded only a theoretical possibility of recovery against [the adjuster]."[35] The Court held that the adjuster's joinder in the suit was improper, dismissed the adjuster, and held that diversity jurisdiction over the action existed.

28.     Just as in the cases cited above, and many more,[36] the Plaintiff herein has pleaded only legal conclusions. Plaintiff's Petition tracks the statutory language of the Texas Insurance Code but fails to identify any real facts to support a claim for a violation of the Insurance Code.

---

[34] *Id*. at 5.
[35] *Id*. at 6.
[36] *See also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co*., 2009 U.S. Dist. LEXIS 99854, 9 (S.D. Tex. 2009) ("This is a near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code. Plaintiff's petition fails to allege facts illustrating what actions are attributable to [the adjuster] individually."); *Frisby v. Lumbermens Mut. Cas. Co*., No. H-07-015, 2007 U.S. Dist. LEXIS 60654, at *4 (S.D. Tex. 2007) (pleading listing statutory provisions of the Insurance Code and stating that such provisions were violated by the insurance company and adjuster jointly "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the individual adjuster]"); *Okenkpu v. Allstate Tex. Lloyd's*, 2012 U.S. Dist. LEXIS 41705, 22 (S.D. Tex. 2012) (failure "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer"); *Holmes v. Acceptance Cas. Ins. Co*., 942 F. Supp. 2d 637, 647 (E.D. Tex. 2013) (allegations "conclusory and fail to allege any specific conduct that could support a claim for relief under the Texas Insurance Code or the DTPA."); *DeCluette v. State Farm Lloyds*, 2013 U.S. Dist. LEXIS 21942, 8 (N.D. Tex. 2013) ("Plaintiffs do not highlight any specific facts relating to [the adjuster] in support of unfair and deceptive acts actionable under Section 541.060(a) of the Texas Insurance Code. They repeatedly refer to the allegedly wrongful conduct as taken jointly by "Defendants" or "Defendant State Farm and Gallegos," without specifying the conduct taken by each separately. Further, their allegations are merely conclusory and simply recite the elements of the causes of action."); *Springcrest Partners, LLC v. Admiral Ins. Co.,* 4:12-CV-457-A, 2012 WL 4459423, 3 (N.D. Tex. 2012) ("Plaintiff has alleged no facts, as opposed to legal conclusions, to provide any reasonable basis for predicting that plaintiff might be able to recover.").

The allegations simply reveal a suit over proceeds from an insurance contract issued by Admiral. Plaintiff alleges no facts suggesting that Mr. Miller was a party to that contract, nor any facts that would support the extra-contractual claims against Mr. Miller. It is not enough for Plaintiff to simply state that Mr. Miller underestimated the claim and then recite statutory language and baldly conclude that it was violated. The pleadings consist merely of conclusory assertions, entirely unsupported by any allegations of fact.[37] Thus, there is no reasonable basis for predicting that Plaintiff could recover against Mr. Miller on its claims against him. Even giving Plaintiff's pleadings a liberal construction, "[n]o facts warranting liability exist here."[38]

29.     Furthermore, the allegations fail to distinguish between the acts of Admiral and Mr. Miller. Here, all of the causes of action alleged against Mr. Miller are also alleged against Admiral, with no attempt to distinguish the actions of Mr. Miller from the actions of the insurer, Admiral.[39]

---

[37] *Bailey v. State Farm Lloyds,* No. Civ. A. H–00–3638, 2001 U.S. Dist. LEXIS at *14–15 (S.D. Tex. 2001) (Gilmore, J.) (insufficient facts to sustain complaint against two adjusters); *Ardila v. State Farm Lloyds,* 2001 U.S. Dist. LEXIS 24477 (S.D. Tex. 2001) (Lake, J.) (denying remand and granting summary judgment on behalf of insurer's employee-adjuster for failure to allege any actionable conduct by employee); *Hansen v. State Farm Lloyds,* 2001 U.S. Dist. LEXIS 24468 (S.D. Tex. June 29, 2001) (Lake, J.) (failure to state specific actionable conduct against Jones was not sufficient to state a claim against him); *Jimenez v. Travelers Indem. Co.*, CIV.A. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 25, 2010) (remand denied due to failure to specifically allege actionable conduct by insurer's employee); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 817 (5th Cir. 1993) (finding improper joinder when plaintiff's pleading contained only "conclusionary [sic] allegations, wholly lacking in specific factual support); *Waters v. State Farm Mut. Auto Ins. Co.,* 158 F.R.D. 107, 109 (S.D.Tex.1994); *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice"). The magistrate judge pointed out that Fifth Circuit precedent "is consistent with the recent holding of the Supreme Court" in *Twombly,* 550 U.S. 544 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* Civ. A. No. H–09–1728 (S.D. Tex. 2009) (Werlein, J.) ("near verbatim recitation of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable possibility of recovery), citing inter alia *Frisby v. Lumbermens Mut. Cas. Co.,* No. H–07–015, 2007 WL 2300331, *4 (S.D. Tex. 2007) (Miller, J.), and *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. 2009).

[38] *Griggs v. State Farm Lloyd's,* 181 F.3d 694, 701 (5th Cir. 1999).

[39] *See e.g.*, pages 5 through 8 of *Plaintiffs' Original Petition*. However, there are causes of action alleged against Admiral that are not also alleged against Mr. Miller, e.g., breach of contract.

Therefore, Plaintiff fails to state a claim against Mr. Miller upon which relief can be granted, and Mr. Miller is improperly joined and should be dismissed with prejudice.

### III. Conclusion

30. Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants hereby remove this case to this court for trial and determination.

        Respectfully submitted,

        RYMER, MOORE, JACKSON & ECHOLS, P.C.

By: _____
        David Clay Wilkerson
        State Bar No. 24010480
        cwilkerson@rmjelaw.com

        Nathan M. Rymer
        State Bar No. 00792814
        nrymer@rmjelaw.com
        2801 Post Oak Blvd., Suite 250
        Houston, Texas 77056
        Telephone: (713) 626-1550
        Facsimile:  (713) 626-1558

        ATTORNEY-IN-CHARGE FOR DEFENDANTS
        ADMIRAL INSURANCE COMPANY
        AND JOHN MILLER

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon the following counsel of record herein by method indicated on this **2nd** day **October, 2017.**

Mr. Marc K. Whyte                                              *Via Electronic Filing*
WHYTE PLLC
1045 Cheever Blvd, Suite 103
San Antonio, Texas 78217
*Attorneys for Plaintiff*

_____
David Clay Wilkerson